UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YURI DULGARYAN,

               Plaintiff,

    v.

VIRGINIA MASON FRANCISCAN
HEALTH / COMMONSPIRIT
HEALTH, et al.,

               Defendants.

CASE NO. C26-5402JLR

ORDER

## I.    INTRODUCTION

Before the court are (1) *pro se* Plaintiff Yuri Dulgaryan's complaint against Defendants Virginia Mason Franciscan Health / CommonSpirit Health ("Virginia Mason"), Dr. Ma, and Jane Doe (together, "Defendants") (Compl. (Dkt. # 4)) and (2) United States Magistrate Judge David W. Christel's order granting Mr. Dulgaryan's application to proceed *in forma pauperis* ("IFP") and recommending that this court review the complaint under 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 3)). The court

ORDER - 1

has reviewed Mr. Dulgaryan's complaint and determined that it fails to state a claim upon which relief can be granted. Accordingly, the court DISMISSES Mr. Dulgaryan's complaint without prejudice and with leave to amend.

## II.   BACKGROUND

Mr. Dulgaryan initiated this action on April 21, 2026. (*See* IFP Mot. (Dkt. # 1).) Mr. Dulgaryan, a resident of Washington (*see* Compl. at 1) alleges that on January 19, 2026, he attended a medical appointment at Virginia Mason's clinic in Gig Harbor, Washington with his caregiver (*id.* at 4). He asserts that Defendant Jane Doe, a medical assistant, "entered the room in an aggressive and hostile manner" and proceeded to "violently throw[] a hard clipboard and a marker directly at [him], striking his legs and feet" and that the clinic's Patient Relations department "formally admitted in writing that the Medical Assistant threw the object at [him]." (*Id.*; *see id.*, Ex. A (letter from Virginia Mason).) Then, according to Mr. Dulgaryan, Defendant Dr. Ma, "[e]xhibiting extreme hostility and without conducting any medical examination or providing alternative care options," stated, "[O]ur paths do not cross, go find yourself another doctor." (*Id.* at 4.) Mr. Dulgaryan asserts that this conduct left him without essential primary care and violated a standard of care requiring medical providers to provide their patients 30 days written notice before terminating a physician-patient relationship. (*Id.*)

Mr. Dulgaryan further alleges that Defendants, all of whom are residents of Washington (*see* Compl. at 2), engaged in intentional spoliation of evidence by falsifying his medical records to "cover up the assault and abandonment" (*id.* at 4). He asserts that Defendants violated the Federal Rules of Civil Procedure by ignoring litigation hold

ORDER - 2

notices and requests he made under the Health Insurance Portability and Accountability Act ("HIPAA") in which he demanded electronically stored information ("ESI") that he contends will prove that Defendants altered his records.  (*Id.*)

Mr. Dulgaryan alleges that this court has federal question jurisdiction over this action based on Federal Rule of Civil Procedure 37(e) "and related federal health information privacy regulations" and has supplemental jurisdiction over his state-law claims for assault, battery, and medical abandonment.  (*Id.* at 3.)  He seeks $250,000 in compensatory damages, punitive damages, and spoliation sanctions.  (*Id.* at 5.)

### III.   ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is "frivolous or malicious," fails to state a claim on which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings).  Because Mr. Dulgaryan is a *pro se* plaintiff, the court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nevertheless, his complaint must still contain factual allegations "enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Although "detailed factual allegations" are not required, the plaintiff must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

ORDER - 3

555) (requiring a plaintiff to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a) (setting forth the standards for pleadings in federal court). Furthermore, a district court must dismiss a case if it determines it lacks subject-matter jurisdiction over the action. *Special Invs., Inc. v. Aero Air, Inc.,* 360 F.3d 989, 992 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

The court cannot conclude, based on the allegations in the complaint, that it has subject matter jurisdiction over this action. First, federal question subject matter jurisdiction exists when a plaintiff's claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A] federal question [must be] presented on the face of the plaintiff's properly pleaded complaint."). The Federal Rules of Civil Procedure do not provide a plaintiff a cause of action in federal court; instead, they govern the procedures parties must follow once the court ensures that it has subject matter jurisdiction over the action. In addition, it is well-established that HIPAA does not provide plaintiffs a private cause of action. *Webb v. Smart Document Sols.*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007). Thus, federal question jurisdiction cannot be based on an alleged violation of HIPAA, and even if it could, Mr. Dulgaryan fails to state a claim for violation of HIPAA upon which relief can be granted. *See Jones v. Pierce Cnty. Jail*, Case No. C22-5049JCC-DWC, 2022 WL 719294, at *1 (W.D. Wash. Feb. 16, 2022) (so holding). Second, the court does not have diversity subject matter jurisdiction over this action as pleaded because all of the parties are alleged to be citizens of Washington. *See* 28 U.S.C.

ORDER - 4

§ 1332 (providing federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states).  Therefore, the court must dismiss this case without prejudice for lack of subject matter jurisdiction.[1]

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Therefore, the court grants Mr. Dulgaryan leave to amend his complaint to cure the deficiencies identified herein.

### IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Dulgaryan's complaint (Dkt. # 4) without prejudice and with leave to amend.  Mr. Dulgaryan may file an amended complaint that cures the deficiencies identified in this order by no later than **May 26, 2026**.  Failure to do so will result in the dismissal of his complaint, and this action, without prejudice.

Dated this 24th day of April, 2026.

JAMES L. ROBART
United States District Judge

---

[1] The court notes that even if it lacks subject matter jurisdiction over this action, it is possible that Mr. Dulgaryan may still pursue his state-law claims in state court.

ORDER - 5